UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES K. BRYANT
5707 13th Avenue, #2
Kenosha, WI   53140,

                Plaintiff,               **AMENDED**
                                    **COMPLAINT WITH**
v.                                **JURY TRIAL DEMAND**

JON LITSCHER, Secretary of Department of Corrections
State of Wisconsin,                        Case No. 2:18-CV-1313
3099 E. Washington Ave, Madison, WI        Hon. Pamela Pepper
LISA AVILA, Superintendent of Sturtevant Transitional
Facility,
9351 Rayne Rd, Sturtevant, WI 53177
LAURA PETERSON, RN,
9351 Rayne Rd, Sturtevant, WI 53177
and
LAURA FRAZIER, Supervisor,
9351 Rayne Rd, Sturtevant, WI 53177

                       Defendants.

NOW COMES the Plaintiff, by his duly authorized attorney, Walter W. Stern, and for a

Complaint against the above-named Defendants, alleges and shows to the Court, as follows:

1.      That the jurisdiction of this Court is invoked in accordance with Title 28 USC '

1331 and Title 28 USC Section 1343, alleging a violation under Title 42 USC Section 1983,

commonly known as the Civil Rights Act, this being a suit in law or equity, authorized by law to

be brought to provide a remedy with respect to the deprivation, under the color of state law,

statutes, regulations, and customs of the State of Wisconsin, of the rights, privileges and

immunities secured by the federal law in the Constitution of the United States, pursuant to the 8th

and 14th Amendments to the United States Constitution and the Due Process Clause of the 14th

Amendment to the United States Constitution.

2.      Plaintiff, James K. Bryant, is an adult resident of Kenosha, Wisconsin, and

therefore a resident of United States District Court for the Eastern District of Wisconsin, and at

times pertinent was an inmate at the Sturtevant Transitional Facility located in Sturtevant, WI.

3.        Defendant Jon Litscher was the Secretary of the State of Wisconsin, Department of Corrections, and has the duty, as Secretary, to ensure, supervise and manage both of the named defendants to ensure that every inmate in the State of Wisconsin, including the Plaintiff, an inmate in the State of Wisconsin, Sturtevant Transitional Facility.   At all times pertinent, Defendant Litscher acted in his individual and his official capacity, under color of State law, statutes, regulations, customs and usages in effect in the State of Wisconsin.

4.        That Defendant Lisa Avila was the Superintendent of the Sturtevant Transitional Facility, and part of the Department of Corrections, and was responsible for training, supervising and insuring that every inmate, including the Defendant, receives adequate medical treatment and to be provided "reasonable accommodations," as required by the American Disability Act of 1990.    At all times pertinent, Defendant Avila acted in her individual and her official capacity, under color of State law, statutes, customs, regulations and usages in effect in the State of Wisconsin.

5.        That Defendant Laura Peterson is a Registered Nurse, and at all times pertinent, was acting as a nurse for the Sturtevant Transitional Facility in Sturtevant, Wisconsin, part of the State of Wisconsin Department of Corrections, and had a duty to provide adequate medical care to the Plaintiff, who at all times pertinent, was an inmate of the Sturtevant Transitional Facility in Sturtevant, Wisconsin, and thereafter she acted pursuant to Wisconsin law, custom, regulations and statutes in effect in the State of Wisconsin in her individual and/or official capacity.

6.        That Defendant Laura Frazier, and at all times pertinent, was acting as a nurse supervisor of said Defendant Laura Peterson of the Sturtevant Transitional Facility in Sturtevant, Wisconsin, part of the State of Wisconsin Department of Corrections, and had a duty to provide adequate medical care to the Plaintiff, who at all times pertinent, was an inmate at the prison

named Sturtevant Transitional Facility in Sturtevant, Wisconsin, part of the State of Wisconsin Department of Corrections, pursuant to the regulations and statutes in effect in the State of Wisconsin in her individual and/or official capacity.

7.      That each and every Defendant named herein had a specific and well-defined duty to see that all inmates, including the Plaintiff, are provided medical care for medical conditions of inmates, affecting said inmates' life, health, safety and security; had a duty to refrain from acts of deliberate indifference to the said inmates' medical needs, pursuant to the 8th and 14th Amendments to the United States Constitution.   In particular, the Secretary of the Department of Corrections for the State of Wisconsin had a duty to oversee, manage, train and supervise the individuals to ensure that said Plaintiff, and other inmates, received adequate medical care and treatment for any medical conditions serious enough to warrant medical treatment.

8.      That the duty to provide adequate medical care, and not to be deliberately indifferent to any inmate's need for the treatment of serious medical conditions is clearly established by the 8th and 14th Amendments to the United States Constitution.

9.      That the Plaintiff was punished for crimes under Wisconsin State law and was an inmate at the Sturtevant Transitional Facility, a state prison, and was entitled to adequate medical treatment pursuant to the 8th and 14th Amendments to the United States Constitution.

10.      That the Plaintiff was an inmate of the State of Wisconsin, Department of Corrections, Sturtevant Transitional Facility, in Sturtevant, Wisconsin, from 2015 until March 7th, 2017, when he was discharged from said facility and placed on extended supervision because of a conviction for a crime under Wisconsin law.

11.      That approximately 2009 to the current time, the Plaintiff had severe colitis that required four separate surgeries; he lost a testicle as a result of one surgery; was in a colostomy

bag as a result of one surgery; was provided a catheter.

12.     That due to Plaintiff's serious medical conditions, he was in need of specialized medication adequate to avoid unnecessary pain; to maintain a diet that was safe for said condition; to be provided a wet cell because he had to frequently go to the bathroom; and he needed supplies to clean his equipment.

13.     That the duty to provide a wet call, based upon the change of dressings, bowel, catheter, and colostomy bag, is stated in guidelines attached as **Exhibit "A"** and incorporated into this Complaint by reference hereto.

14.     That under Federal Law, i.e., the Americans with Disability Act of 1990, and the 8th and 14th Amendments to the United States Constitution, the Sturtevant Transitional Facility, and the individual Defendants, individually and severely, had a duty to provide accommodations in situations that involved serious digestive bowel and bladder problems, that would include supplies to clean said colostomy bags; a wet cell, as previously defined; proper pain medication since colitis creates and causes severe pain; and a proper.   The policy is attached hereto as **Exhibit "B"** and incorporated into said Complaint by reference hereto,

15.     That at all times pertinent, while the Plaintiff was in the custody of the Department of Corrections, and a prisoner at the Sturtevant Transitional Facility, he required a special diet, i.e., a low fiber diet, because of his chronic colitis and all of his surgeries that were performed while he was in the custody of the State of Wisconsin, Department of Corrections (hereinafter referred to as "DOC").    That that special diet is attached hereto and marked **Exhibit "C"** and incorporated into this complaint by reference hereto.

16.     That Defendant Laura Peterson, RN, who directly treated the Plaintiff for the conditions indicated in Paragraphs "11" and "12" of the Complaint was informed by the Plaintiff, both in writing and orally, of the following: (a) that he needed pain medication for the

severe pain caused by the colitis, the surgeries and the current symptomology, including severe swelling and diarrhea; (b) that the Plaintiff needed a wet cell, i.e., a solitary cell with an individual bathroom because of his digestive problems and his need to defecate frequently, as required by regulations and minimally adequate medical care for an inmate; (c) that the Defendant was told that Plaintiff needed supplies to clean out the colostomy bag, but was not provided these supplies on a regular basis, which caused the colostomy bag to smell, irritating other inmates, as well as causing emotional and physical harm; (d) the diet (marked Exhibit "B") was not followed, even though it was repetitively indicated by the Plaintiff that he would become severely ill and experience more gastric problems as a result of being fed a regular diet.

17.      That Supervisor Defendant Laura Frazier, during the course of her duties and under color of state law, refused to provide the most minimal care with respect to ¶16 (a) through (d), and there were at least three (3) written grievances filed by the Plaintiff, all of which were denied, resulting in exacerbation of symptoms, humiliation and physical pain.

18.      With respect to the pain medication, said nurse, Defendant Laura Peterson, reduced said medication of Ibuprofen from 800 mg three times a day (80/month) to 600 mg two times a day, limited to 40 a month, even though this resulted in the Plaintiff suffering severe and serious pain, which was the subject of grievances that were denied.

19.      That the lack of adequate medical care outlined in Paragraph 16(a) through (d) above, resulted in additional pain; severe digestive issues; severe dietary problems; and serious problems with regard to other inmates (with the absence of a wet cell); and proper supplies to clean the colostomy bag.

20.      That Superintendent Lisa Avila was informed of both oral and written grievances with respect to the medical care and treatment of the Plaintiff while in the custody of Sturtevant Transitional Facility, and intentionally refused to correct these severe medical problems.

21.     That upon information and belief, there was a pattern, practice and procedure in the Department of Corrections, countenanced and approved by the Defendant, Secretary Jon Litscher, that permitted inadequate care and treatment, as outlined in this complaint to Plaintiff and other inmates.

22.     That each Defendant, under color of state law, violated the most basic and fundamental medical care for said Plaintiff, as specified in this Complaint, and, as a proximate cause, the Plaintiff suffered severe physical problems; emotional pain, suffering, anxiety, depression; embarrassment and humiliation.

23.     That all of the above violations of said Defendants, jointly and severally, were in violation of the ban against cruel and unusual punishment, and contrary to the 8th and 14th Amendments to the United States Constitution, and violation of the Americans with Disabilities Act of 1990, in that the Plaintiff was not provided the minimal accommodations and minimal care.

24.     With respect to the request for a wet cell, Defendants Laura Peterson, RN, Supervisor Laura Frazier and Lisa Avila, indicated that said wet cell was not available at the Sturtevant Transitional Facility in Sturtevant, WI, that caused additional problems as indicated above.

25.     That said conduct on the part of each of the Defendants were intentional and/or reckless.

26.     That said conduct on the part of Defendants Laura Peterson, RN, Supervisor Laura Frazier, and Lisa Avila, Superintendent, were malicious and/or reckless, and in disregard of the most basic and fundamental rights of the Plaintiff to be provided medical care and treatment in a correctional setting, justifying the imposition of punitive damages.

27.     That the Defendants, jointly and severally, are liable for compensatory damages

as a result of the Defendants' violation of his Constitutional rights alleged herein, and the

Americans with Disabilities Act of 1990, in an amount to be determined by a jury.

     28.     That the Defendants' conduct, jointly and severally, justify an award of attorney's

fees and costs pursuant to Title 42 U.S.C. 1988.

     WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and

severally, as follows:

1. An award of compensatory damages, compensating plaintiff further for hi injuries, temporary and permanent;

2. An award of punitive damages to be determined by the jury;

3. An award of attorney's fees, pursuant to Title 42 U.S.C. 1988;

4. And for such other and further relief as this Court deems just and equitable.

Dated this 5th day of November, 2018

*Electronically signed by Walter W. Stern III*
Walter W. Stern III
State Bar No. 1014060
Attorney for Defendant
960 85th Avenue, Unit 123
Kenosha, WI 53143
(262) 880-0192


**THE PLAINTIFF HEREIN DEMANDS A TRIAL BY A 12 PERSON JURY**